AMERICAN TRAVEL & HOTEL DIRECTORY CO., INC., Plaintiff, *v.*
DAVID VAN BLERKOM, Defendant.

First Department, March 19, 1926.

Contracts — action to recover on alleged advertising contract between defendant and plaintiff's assignor — circular letter and circular containing order blank for advertising in hotel buyers' manual was sent defendant — defendant did not read entire circular but filled out form giving required information and returned same — act of defendant though he did not read circular constituted good contract — contract was not void for lack of mutuality.

A valid and enforcible contract is shown in this action to recover for advertising in a hotel buyers' manual, since it appears that the plaintiff's assignor, who

was engaged in the publication of a hotel letter issued quarterly and the publication of a hotel buyers' manual, sent a circular letter and a circular containing an order form to the defendant; that the letter referred to the publication and the desire of the plaintiff's assignor to list the defendant as a seller of hotel merchandise and referred to the inclosed circular and form and asked the defendant to fill out the form, sign it and return it; and that the circular letter and circular read in connection with the order form clearly show that it was the intention of the plaintiff to solicit advertising in its publication.

The mere fact that the defendant who filled out the order form and returned it with the desired information did not read the circular or letter, although he was able to do so, does not relieve him from the obligations of his contract regularly made, for, if he had read the circular and circular letter, it would have been clear to him that he was signing a contract for advertising in plaintiff's publications and not merely furnishing the plaintiff with certain information relating to his business.

The defense that there was a lack of mutuality is not sustained, since there was an offer by plaintiff's assignor to publish advertising in its publications at certain specified rates and an acceptance by the defendant of one of the forms of advertising submitted, and since it further appears that the contract was fully performed on the part of the plaintiff's assignor.

FINCH, J., dissents.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 546 of the Civil Practice Act.

*Siegeltuch, Butler & Kraft* [*Herbert G. Kraft* of counsel; *Myron Butler* with him on the brief], for the plaintiff.

*Jackson & Brock* [*Norman M. Behr* of counsel], for the defendant.

MERRELL, J.   The plaintiff, American Travel & Hotel Directory Co., Inc., is a foreign corporation, and the defendant, David Van Blerkom, is a person of full age and engaged in the furniture business at 104–117 West Seventeenth street, in the borough of Manhattan, New York city.   The parties, in their submission of facts, state that before the commencement of this action, Henry Sweetsson, Inc., assigned all of its right, title and interest in and to any claim that it might have against the defendant, with full authority to the present plaintiff to sue for or otherwise proceed for the purpose of procuring payment on said claim.   The submission further states that on or about September 14, 1922, the defendant signed and delivered, by mailing to the plaintiff's assignor, a paper alleged by the plaintiff to be a binding contract, a true copy of which was annexed to the submission and made a part thereof, marked Exhibit A.   The parties further stipulated that the paper marked Exhibit A was originally presented to the defendant by plaintiff's assignor by mail and not through personal solicitation; that the defendant did not read any part of Exhibit A, excepting that portion upon which his name appears or that portion consisting of

**30** American T. & H. Directory Co., Inc., *v.* Van Blerkom.

First Department, March, 1926. [Vol. 216

the list of commodities opposite certain items of which cross marks appear, there placed by the defendant. It is further stipulated that the defendant is a businessman who has been actively engaged in business for more than ten years last past and is able to read, write, speak and understand the English language. It is further stipulated that the work, labor and services provided by Exhibit A to be performed by plaintiff's assignor were actually performed, and that said work, labor and services were fairly and reasonably worth the sum of fifty dollars, providing the court should find the said Exhibit A to be a valid and binding contract; that no part of said fifty dollars has been paid by defendant to the plaintiff's assignor or to the plaintiff, although due demand has been made for the same. The submission further states:

" The question submitted to the court upon this is as follows: ' Is the paper hereunto annexed and marked Exhibit A, a valid and binding contract to the extent that a non-payment of $50 to the plaintiff's assignor or to the plaintiff by the defendant would constitute a breach thereof on the part of the defendant, entitling the plaintiff to judgment as hereinafter provided? '

" If the foregoing question is answered in the affirmative then judgment is to be rendered in favor of the American Travel & Hotel Directory Co., Inc., against David Van Blerkom for $50, with interest at six per cent from September 14, 1922, without costs.

" If the foregoing question is answered in the negative then judgment is to be rendered in favor of David Van Blerkom and against the said corporation, without costs."

Exhibit A, referred to in the submission, was a circular letter of five pages, all joined in a single folder. The 1st page is a lithographed letter upon the stationery of Henry Sweetsson, Inc., plaintiff's assignor. The letter is dated at New York, September 1, 1922, and is addressed generally to " Sales Manager." In this letter the writer describes its publication, known as " Hotel Letter," a quarterly sent out to the hotel trade. The letter refers to the " Hotel Letter " as a success and states that the writer is now promoting a " buyers' annual." The letter further states: " Inside this letter we tell you about it," and, further, " Naturally we would like your display advertisement therein: but at least we feel you should support us to the extent of a brief history of your line of activity; what you sell and how." The letter concludes: " So, we thank you in advance for carefully reading over, then filling out and returning this form at once." On the 2d and 3d pages of the circular appears a list of merchandise and commodities generally dealt in by merchants. Across the 2d and 3d pages, at the top, appears the following direction: " Check listings you

desire your name and address to appear under in this directory."
On the 4th page of the folder is an order blank addressed to Henry
Sweetsson, Inc., 1133 Broadway, New York, N. Y. Certain por-
tions of this order page are in printing, with blank spaces left to be
filled in, and is clearly the " form " referred to in the letter on the
1st page of the circular which plaintiff's assignor asked the dealer
to fill out and return at once. Below the name of plaintiff's assignor
on this 4th page appears the following: " In accordance with your
proposal, printed elsewhere herewith, to produce a hotel buyers'
guide as a supplement to the TRAVEL BOOK (and for free insertion,
as offered by you in your HOTEL LETTER) we avail ourselves of
the opportunity for listings therein and in addition to the classi-
fications we have indicated as desirous of having our name, address,
etc., recorded under, furnish the following data to aid you in
preparing the proposed paragraph description of our activities."

Then follows the form which was filled in by the defendant,
by giving the name under which his business was conducted as
" David Van Blerkom; " his street address, " 104–106–109–113–117
W. 17th Street, City and State New York." The year when his
business was established was filled in as " 1898 " and that he suc-
ceeded himself. He stated that he sold to hotels direct, and that
he furnished a catalogue or printed literature on the subject of
" Framed Mirrors," and that a special heading might be created
to better represent his service to hotel buyers as " General Mirrors."
The inquiry in the information form as to whether he maintained
branch offices or distributing points and where, was answered in the
negative. Above the signature of the defendant appeared the
following:

" NOTICE.— The above information (and subjects checked) to
our best knowledge and belief, cover our activities of interest to
hotel operators and buyers. It is furnished that you may prepare
therefrom, to conform with your requirements such representation
for our business, as in your judgment will best serve our purpose in
soliciting trade from hotels, etc. No acknowledgment of this
co-operative support, or ' advance proof ' of the listings and para-
graph description of our representation is required."

Beneath this is the signature of the defendant, David Van
Blerkom, who describes himself as " owner," and the date of mail-
ing as " Sept. 14, 1922." At the lower left-hand corner of this
4th page separated from the main matter on the page by diagonal
lines is the following: " If you wish a display advertisement, fill
out this form. In connection with the above, you may also reserve
a . . . . . . page space at your schedule rates printed on page 5.
We will mail you acceptable ' copy ' about . . . . . . . . or in its

absence you may prepare the same." This last mentioned form was not filled out. On the list of merchandise and commodities contained on the 2d and 3d pages of the circular the defendant checked off some twenty-four items under which he desired his name and address to appear in the directory. On the 5th and last page of the folder or circular mailed to and received by the defendant, in large type at the top of the page appears the following: " Our Proposition for Advertising in the Hotel Supply Section of the Travel Book," and then there is described, with illustrations and descriptive text, the " Travel Book " proposed to be issued by plaintiff's assignor and the quarterly " Hotel Letter " in which was to be inserted the free advertisement of the subscriber contracting for advertising in the " Travel Book." The 5th page stated that the " Travel Book " would be issued early each year and carry a section of hotel supply announcements. Concerning the prospective " Travel Book " the circular states: " To successfully produce the Travel Book it is deemed advisable to have a reasonable number of signed orders in the way of pledges of support for three years duration; orders which are irrevocable; orders which will justify the annual production and the expense of compilation, type setting, paper, press work, binding, etc. Your order on this form must be given and is accepted solely on that basis, and cancellation after three years guaranteed support, must be by registered mail, before January first prior to the publication of the subsequent edition so that both parties to this order are put on timely notice of its termination. These conditions are embodied herein, so that there may be no misunderstanding and unpleasantness; for, after all, a contract is only a meeting of minds and must be fair to both sides."

Then follows a statement of the yearly rates for advertising, in two columns. The left-hand column is for display space in the " Travel Book " and undoubtedly refers to the display advertisement referred to in the blank order found on page 4 of the circular not filled out by the defendant. The right-hand column on page 5 is for " classified advertising " and states: " Approximately 100 words, prepared by the publishers, from data contained on this order, and properly classified according to the name and activities of the advertiser, with revisions from time to time, as necessary, $50.00 a year."

Then beneath appears the following:

" Payments to be made promptly as due on each annual edition of the Travel Book as published and if so made, (in consideration of this three year contract) free duplication of the service will be made, during the life of this order, in the quarterly Hotel Letter.

" ADVANCE PROOFS of display advertisements will be furnished prior to publication of each edition of the TRAVEL BOOK.

" Classified advertising proofs are not submitted."

The circular closes with the following:

" In anticipation of your immediately forthcoming support, we thank you.                    " HENRY SWEETSSON, INC."

This circular letter came to the defendant through the mail. He had ample opportunity to read it and to become acquainted with its contents. The defendant was a business man actively engaged in business for more than ten years and able to read, write, speak and understand the English language. It is stated in the submission that the defendant read no part of the circular, except that portion upon which his name appears and the list of commodities opposite certain items of which he made check marks.

The defendant urges that because he did not read the other pages of the circular he was not bound thereby, and that he entered into no contract for advertising with plaintiff's assignor. It seems to me that it is quite immaterial whether the defendant read the circular as a whole or not. He was bound by the plain language and import of the circular. I see nothing about the circular to sustain the defendant's contention that it was a trap to catch the unwary. There is no evidence of any fraud having been practiced upon the defendant whereby he was induced to sign the order. In the absence of convincing proof of some fraud practiced upon him, the defendant must be held to be bound by the paper which he signed. On the 1st page of this paper delivered to the defendant the writer states that inside the letter the defendant would be told about the advertising scheme of plaintiff's assignor. Plaintiff's assignor in the letter told the defendant that it would like his display advertisement, but, at least, that the plaintiff's assignor felt it should have the defendant's support to the extent of a brief history of his business activity, what he sold and how, and he is thanked in advance for " carefully reading over " and filling out and returning the form furnished him in the circular. The form which was filled out and signed by the defendant and which it is stipulated that he read, is addressed to plaintiff's assignor and in it the defendant states to the addressee that in accordance with its proposal " printed elsewhere herewith " to produce a hotel buyers' guide as a supplement to the " Travel Book " and for free insertion as offered in the " Hotel Letter," the writer would avail himself of the opportunity for listings therein, and, in addition, to classifications indicated, and that the writer furnished " the

following data to aid you in preparing the proposed paragraph description of our activities." After furnishing the data the defendant, over his signature, states that the information " is furnished that you may prepare therefrom, to conform with your requirements such representation for our business, as in your judgment will best serve our purpose in soliciting trade .from hotels, etc." I cannot read this letter without being impressed that the defendant fully understood that he was entering into a contract for advertising in conformity with the plan of the plaintiff's assignor and upon the advertising rates stated in the circular letter. These rates are plainly set forth on the following page of the circular and clearly constitute the " proposal " of plaintiff's assignor stated in the order signed by the defendant as " printed elsewhere herewith." It is stated therein that a classified advertisement of approximately 100 words would be published at the rate of fifty dollars a year and that free duplication of the service would be made during the life of the order in the quarterly " Hotel Letter." It is difficult to believe that the defendant understood when he signed the order and when he checked the twenty-four items of merchandise in which he dealt, that plaintiff's assignor might prepare therefrom to conform with its requirements, such representation of his business as in its judgment would best serve his purpose in soliciting trade from hotels, etc., that he was to be given a free advertisement of his business and wares without any compensation to the publisher. I think the defendant must be held to have fully understood the terms under which his advertising was to be inserted, namely, the payment of fifty dollars per year. Such clearly was the proposal of plaintiff's assignor, and in giving the order the defendant states: " In accordance with your proposal, printed elsewhere herewith," etc. I am unable to believe that this business man of ten years' experience, able to read, write, speak and understand the English language, was not apprised of the proposal. If he did not take the trouble to investigate the same he was, nevertheless bound thereby.

The defendant urges that the contract was void for lack of mutuality. There is no substance to this claim. Here we have the plain offer of plaintiff's assignor to advertise at certain rates and the acceptance of one of the forms of advertising by the defendant. It is stipulated in the submission that the work, labor and services provided by Exhibit A to be performed by plaintiff's assignor were actually performed and were of the value of fifty dollars.

I am of the opinion that the defendant is legally bound to pay the plaintiff the sum of fifty dollars, with interest at six per cent

from September 14, 1922, and that judgment should be rendered in plaintiff's favor for that amount, without costs.

CLARKE, P. J., DOWLING and McAVOY, JJ., concur; FINCH, J., dissents.

Judgment ordered in favor of plaintiff for the sum of fifty dollars, with interest from September 14, 1922, without costs. Settle order on notice.